UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2024 APR -5  PM 5:22

MARGARET BOTKINS, CLERK
CASPER

| | |
|---|---|
| KEVIN HARM SCHILTHUIS, MINOR CHILDREN,<br><br>Plaintiffs,<br><br>v.<br><br>KERI LYNN SCHILTHUIS, et al.,<br><br>Defendants. | Case No. 24-CV-74-SWS |

**ORDER DENYING EMERGENCY INJUNCTION**

This matter comes before the Court on Plaintiff Kevin Schilthuis' "Request for Emergency Injunction" (ECF 1) and documents submitted in support thereof (ECF 3). On March 27, 2024, a state court entered an order for Plaintiff to appear and show cause on Monday, April 8, 2024, as to why he should not be held in contempt of court for violating the state court's divorce decree.[1] He was served with the Order to Show Cause on April 1, 2024. (ECF 1 p. 1.) Plaintiff filed this lawsuit in federal court on Friday, April 5, 2004, requesting "an Emergency Injunction and Order to Stay the April 8 2024 11am Show Cause hearing against him." (*Id.*)

Plaintiff's request for this Court to interfere with the state court's enforcement of its own orders and judgments is improper and will be denied for two reasons. First, the *Younger* abstention doctrine applies to this situation and precludes this federal court from interfering in the state court proceeding. *Younger* abstention "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief

---

[1] *Keri Lynn Schilthuis v. Kevin Harm Schilthuis*, Wyoming Fifth Judicial District Court Case No. CV-2022-60.

could adequately be sought before the state court." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999). Relevant here, *Younger* abstention applies where an ongoing state court civil proceeding implicates "a State's interest in enforcing the orders and judgments of its courts." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013). The three elements of *Younger* abstention are:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019) (quoting *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006)). All three elements are met here. The state post-divorce proceeding provides an adequate forum to address the divorce decree enforcement issues, and the state proceeding involves family law and divorce, which are matters traditionally left to the states to govern. Once the three elements are satisfied, as they are here, *Younger* abstention is mandatory unless extraordinary circumstances exist to otherwise preclude abstention. *Winn v. Cook*, 945 F.3d 1253, 1258-59 (10th Cir. 2019). And the Court finds Plaintiff has not identified any extraordinary circumstances present that would warrant avoiding *Younger* abstention in this situation. The state court has the authority and should have the opportunity to enforce its orders and judgments.

Second, even if the *Younger* abstention doctrine did not apply, Plaintiff has not satisfied the legal requirements for a preliminary injunction or temporary restraining order. To obtain a temporary restraining order or preliminary injunction, Plaintiff must demonstrate:

> (1)  a substantial likelihood of success on the merits of his claim(s);
> (2)  the irreparable harm likely to occur if a preliminary injunction/temporary restraining order is not issued;
> (3)  that the threatened injury to be prevented by the preliminary injunction/temporary restraining order outweighs the harm a preliminary injunction/temporary restraining order is likely to cause to the opposing party; and

(4)     the preliminary injunction/temporary restraining order will not adversely affect the public interest.

*General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007). Such an injunction "is an extraordinary remedy never awarded as of right," and it requires the movant to show "the right to relief is clear and unequivocal." *DTC Energy Group, Inc. v. Hirschfeld*, 912 F.3d 1263, 1269-70 (10th Cir. 2018) (citations and quotation marks omitted).

Here, Plaintiff's submissions fail to satisfy any of these elements. He asserts a plethora of mostly conclusory allegations of constitutional violations against the many defendants, but he does not show a likelihood of success or an irreparable harm connected to the show-cause hearing scheduled in state court. In fact, the documents submitted by Plaintiff in support of his request for injunction undercut his claims. The state court clearly set forth that Plaintiff was in potential violation of the divorce decree for failing to pay child support and failing to sign the necessary documents to convey the property awarded to the opposing party in the divorce decree. (ECF 3-2 p. 11.) The show-cause hearing is Plaintiff's opportunity to show the state court that he has in fact complied with the divorce decree (if he has). Plaintiff has not shown in this federal lawsuit that he has a clear and unequivocal right to an injunction or restraining order interfering with the state court's show-cause hearing.

**IT IS THEREFORE ORDERED** that Plaintiff Kevin Schilthuis' "Request for Emergency Injunction" (ECF 1) is **DENIED**.

**DATED:** April 5th, 2024.

Scott W. Skavdahl
United States District Judge